## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE OF MINNESOTA, | Criminal No. 12-147 (JRT) |
| Plaintiff, | |
| v. | **ORDER** |
| WILLIAM C. BEALS, | |
| Defendant. | |

William C. Beals, 1111 Highway 73, Moose Lake, MN 55767, defendant *pro se*.

This matter is before the Court *sua sponte*. Defendant William C. Beals is currently being prosecuted in Carton County, Minnesota District Court, for assault. (*See* Notice of Removal ¶2, Docket No. 1.) On June 6, 2012, he purported to remove the action to this Court. (*Id.*) Beals is committed to the Minnesota Sex Offender Program ("MSOP") in Moose Lake, MN, and the assault charge arose from an incident that occurred during his confinement at the facility. Beals claims that removal is appropriate because the MSOP has allegedly failed to adequately treat and supervise patients at the facility, in violation of federal law.

Removal of state criminal cases is authorized in limited circumstances only, and the Court must "examine the notice promptly" to determine whether removal is appropriate. 28 U.S.C. § 1455(b)(4). Because it clearly appears on the face of the notice that removal is not authorized the Court will summarily remand the case. *Id.*

Beals argues that removal was proper under 28 U.S.C. §1441(b).  Section 1441, however, applies only to civil actions, not criminal actions.  Because there is no general federal question jurisdiction over state criminal prosecutions, Beals cannot remove the pending prosecution on this basis.  However, 28 U.S.C. §1443 does permit removal of state criminal prosecutions in very limited circumstances.  *See also* 28 U.S.C. § 1455.  Removal under §1443 is appropriate only in cases involving racial discrimination.  *United States ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir. 1978) ("Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights."); *see also Georgia v. Rachel*, 384 U.S. 780, 792 (1966).  Indeed, to remove a state criminal case to federal court, the defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).  Because Beals has not alleged racial discrimination of any kind, or that his assault prosecution involves a violation of a specific statute barring racial discrimination, the removal notice fails and the action must be summarily remanded.  *See Minnesota v. Jenkins*, 145 F. App'x 564 (8th Cir. 2005) (per curiam) (affirming remand where defendant "failed to show sufficient grounds to support his invocation of section 1443").  Beals's criminal prosecution must proceed in state court.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that this case is summarily **REMANDED** to the State of

- 3 -

Minnesota District Court, Sixth Judicial District, Carlton County.  The Clerk of the Court shall mail to the Clerk of the Carlton County District Court a certified copy of this Order

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 18, 2012            _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                                      United States District Judge